**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LOUISE L. LEWIS,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

        Defendant-Appellee.

No. 98-5139
(D.C. No. 96-CV-971-EA)
(N.D. Okla.)

ORDER AND JUDGMENT *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff applied for disability benefits on January 18, 1994, alleging disability since December 27, 1993, because of pain in her knees, legs, neck and arms, and residuals from carpal tunnel surgery. Her application was denied initially and on reconsideration. Plaintiff requested a hearing, and the administrative law judge (ALJ) denied benefits, finding that plaintiff was not disabled because she had the residual functional capacity to perform her past relevant work as a telemarketer, despite her severe impairments. The Appeals Council denied review, thus leaving the ALJ's denial of benefits as the final decision of the Commissioner. Plaintiff appealed the denial to the district court, and the district court affirmed the Commissioner's decision.

> We review the [Commissioner's] decision to determine whether it is supported by substantial evidence and whether the [Commissioner] applied the correct legal standards . . . . Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In addition to a lack of substantial evidence, the [Commissioner's] failure to apply the correct legal standards, or to show us that [he] has done so, are also grounds for reversal.

*Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (quotations and citations omitted). Guided by these standards, we must reverse the district court's affirmance and remand the case for remand to the Commissioner.

Plaintiff's first argument is that the ALJ did not properly consider her subjective complaints of pain. We disagree. The ALJ considered plaintiff's complaints of pain in accordance with the standard set forth in *Luna v. Bowen*,

834 F.2d 161, 163 (10th Cir. 1987). The record shows that the ALJ considered all the relevant evidence and found that plaintiff's complaints of pain were not credible to the extent she could not perform sedentary work. We agree with the district court that "the ALJ did not err in concluding--and demonstrating by specific and substantial evidence--that the claimant's complaints were disproportionate to the objective findings and not credible beyond her ability to perform sedentary work." Appellant's App. Vol. I at 13.

We disagree with the district court, however, that the Commissioner applied the correct legal standard in finding that plaintiff retained the residual functional capacity to perform her past relevant work as a telemarketer. At step four, the ALJ must perform a three-phase evaluation of a claimant's physical residual functional capacity, the physical demands of the claimant's past relevant work, and "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Winfrey,* 92 F.3d at 1023. The ALJ must make specific findings at each step. *See id.*

After summarizing plaintiff's medical history, the ALJ in this case found that "[t]he claimant has a combination of impairments which have resulted in some limitations." Appellant's App. Vol. II at 17. The ALJ went on to find that those limitations do not prevent plaintiff from performing sedentary work. He

-3-

neglected, however, to make any findings as to what specific limitations plaintiff suffers. [1]

Neither did the ALJ make specific findings regarding the physical requirements of plaintiff's past relevant work as a telemarketer. The ALJ noted that the vocational expert classified the telemarketing job as sedentary, and he then stated that "[t]he claimant has also described her telemarketer's job as sedentary as she performed it." *Id.* "While the claimant retains the burden of showing that he is disabled at step four, the ALJ has a duty of inquiry and factual development. The ALJ must obtain adequate factual information about those work demands which have a bearing on the medically established limitations." *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994) (quotations and citations omitted). Here, the ALJ elicited no evidence of the physical demands of plaintiff's telemarketing work, and the record contains very little evidence of the exertional demands of plaintiff's past relevant work. *See id.* The ALJ simply made the conclusory statement that plaintiff could perform the telemarketing work because it was sedentary.

Having failed to make the necessary findings as to plaintiff's limitations and the physical demands of her telemarketing work, the ALJ was unable to make

---

[1] We note that the record indicates that plaintiff uses a cane, a physical limitation the ALJ does not even mention.

the necessary findings regarding plaintiff's ability to perform her past relevant work despite her physical limitations. *See Winfrey*, 92 F.3d at 1024-25. There was no comparison of plaintiff's limitations with the physical demands of her past relevant work.

We must remand this case to the district court with instructions to remand to the Commissioner, so that he can make the necessary findings about plaintiff's specific limitations, the exertional demands of plaintiff's past relevant work, and plaintiff's ability to perform that work despite her limitations, comparing plaintiff's specific limitations with the physical demands of the work. REVERSED and REMANDED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge